UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HENRY A. RAMOS and ROXANN RAMOS, individually and on behalf of all others similarly situated,

    Plaintiffs,

vs.

CREDIT CONTROL, LLC, a Missouri Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 10,

    Defendants.

---

CASE NO.: 2:16-cv-04098-JMA-SIL

**PRELIMINARY APPROVAL ORDER**

The Court, having considered the Parties' motion for preliminary approval, hereby grants preliminary approval to the Class Settlement Agreement (the "Agreement") between Plaintiffs, Henry A. Ramos and Roxann Ramos, individually, and as representatives of the class of persons defined below (the "Settlement Class"), and Defendant, Credit Control, LLC ("Credit Control").

**WHEREFORE**, with respect to certifying this action as a class action for settlement purposes the Court finds:

    A.    The Settlement Class is so numerous that joinder of all members is impracticable;

    B.    There are questions of law and fact common to the proposed Settlement Class.

    C.    The individual claims of Plaintiffs are typical of the claims of Class Members;

    D.    Plaintiffs are appropriate and adequate representatives for the Settlement Class;

    E.    The questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members;

    F.    A class action is superior to other methods for fairly and efficiently settling this controversy;

    G.    With respect to the appointment of Class Counsel under Fed. R. Civ. P. 23(g), the

Court finds, after consideration of the factors described in Fed. R. Civ. P. 23(g)(1)(A), Plaintiffs' counsel, Andrew T. Thomasson, Philip D. Stern, Heather B. Jones, and Abraham Kleinman have, and will continue to, fairly and adequately represent the interests of the Settlement Class;

H. After consideration of the proposed Agreement attached as ***Exhibit A*** to the Motion, the Court makes the preliminary finding, subject to a final hearing, that the proposed settlement is fair, reasonable, and adequate;

I. and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED:**

1. Pursuant to Fed. R. Civ. P. 23(c)(1), the Court certifies this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and, in accordance with Fed. R. Civ. P. 23(c)(1)(B):

    (a) defines the "Settlement Class" as:

    All persons with addresses in the State of New York to whom Credit Control, LLC mailed a collection letter between July 25, 2015, and October 5, 2017, to collect a debt on behalf of Kohls Department Stores, Inc., which debt was charged-off by the creditor prior to the date the letter was sent to the consumer, and the letter either:

    (i) stated, "[b]ecause of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater;" or

    (ii) offered to settle the debt when the debt was in default for more than three years prior to the date of the letter and did not disclose the debt may be barred by the statute of limitations.

    (b) defines the "Class Claims" as those claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, from Credit Control's collection letters which: (i) stated that, "[b]ecause of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater;" or (ii) offered to settle the debt when the debt

was in default for more than three years prior to the date of the letter and did not disclose the debt may be barred by the statute of limitations.

(c) appoints Plaintiffs as the Class Representatives;

(d) appoints Plaintiffs' counsel, STERN•THOMASSON LLP and KLEINMAN LLC as Class Counsel; and

(e) appoints Heffler Claims Group LLC as the Settlement Administrator to administer notice to the class and the settlement.

2. The Court approves the Parties' proposed Class Notice and directs that it be mailed to the last known address of each member of the Settlement Class (individually, a "Class Member," collectively, the "Class Members") as shown in Credit Control's business records. The Settlement Administrator shall cause the Class Notice to be mailed to Class Members on or before August 17, 2018 (21 days from the date of this Order). The Settlement Administrator shall send the notice by any form of U.S. Mail providing forwarding addresses.

3. The Court finds that mailing of the Class Notice, and the Parties' notice plan, is the only notice required and such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable law.

4. Class Members shall have until October 1, 2018 (66 days from the date of this Order), to return a claim form, exclude themselves from, or object to, the Settlement. Any Class Members desiring to exclude themselves from the action must serve copies of the request including, his or her original signature, current address, and specific statement that s/he wants to be excluded from the Settlement, on the Settlement Administrator by that date.

5. Any Class Members who wish to object to the Settlement must submit an objection in writing to the Clerk of the United States District Court for the Eastern District of

New York, and serve copies of the objection on the Settlement Administrator. All objections must be in writing, personally signed by the Class Member, and include: (1) the objector's name, address, and telephone number; (2) a sentence stating that to the best of their knowledge s/he is a member of the Settlement Class; (3) the name and number of the case: *Ramos v. Credit Control, LLC*, Case No. 22:16-cv-04098-JMA-SIL; (4) the factual basis and legal grounds for the objection; (5) the identity of any witnesses the objector may call to testify at the Final Fairness Hearing; and (6) copies of any exhibits the objector may seek to offer into evidence at the Final Fairness Hearing. The objection must indicate whether the Class Member and/or their lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing also must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than October 1, 2018 (same as Paragraph 4), and include the full caption and case number of each previous class action case in which that lawyer(s) represented an objector.

6. To be effective, any claim form, request for exclusion, or objection must be postmarked by October 1, 2018 (same as Paragraph 4).

7. If not already filed, Credit Control shall file with the Court a notice indicating its compliance with the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

8. A final hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held on October 29, 2018, at 5:15 p.m. ~~(90 days from the date of this Order)~~.

9. Plaintiffs shall file their Motion for Attorney's Fees, Costs, and Service awards by August 13, 2018.

10. Any submissions concerning final approval must be filed by October 15, 2018.

IT IS SO ORDERED:

/s/ (JMA)

HONORABLE JOAN M. AZRACK
Judge, United States District Court

Dated: 7/27/18