UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

HENRY A. RAMOS and ROXANN RAMOS, individually and on behalf of all others similarly situated,

                Plaintiffs,

vs.

CREDIT CONTROL, LLC, a Missouri Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 10,

                Defendants.

CASE NO.: 2:16-cv-04098-JMA-SIL

**AMENDED DECLARATION OF ANDREW T. THOMASSON IN SUPPORT OF PLAINTIFFS' CONSENT MOTION FOR APPROVAL OF ATTORNEYS' FEES AND SERVICE AWARD**

---

I, Andrew T. Thomasson, of full age, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey and I am admitted *pro hac vice* in this matter. My law firm, Stern•Thomasson LLP, is co-counsel for Plaintiffs, Henry A. Ramos and Roxann Ramos. I submit this Declaration in support of Plaintiffs' Consent Motion for Final Approval of the Parties' Class Settlement Agreement. I am familiar with all the facts set forth herein and state them to be true based upon my own personal knowledge.

2. Stern•Thomasson LLP was formed on July 1, 2015, when Philip D. Stern, Esq. and I merged our respective solo consumer law practices. The newly formed law firm's principal practice area remains focused on representing plaintiffs in class action litigation involving various state and federal consumer protection statutes. In that regard, Stern•Thomasson LLP consists of two principals, Philip D. Stern and me; our professional experience is set forth below.

## PROFESSIONAL EXPERIENCE AND QUALIFICATIONS

3. **Andrew T. Thomasson.** I received my bachelor's degree from Arkansas State University and my law degree from Thomas Jefferson School of Law, an ABA-accredited institution in San Diego, California. I was admitted to practice law in the State of New Jersey in 2013. I am also admitted to practice law before the United States Courts of Appeal for the

Second, Third, Fourth, Sixth, and Seventh Circuits, as well as the following United States District Courts: District of New Jersey; Northern District of Florida; Eastern and Western Districts of Michigan; District of Colorado; Northern, Southern, and Western Districts of Texas; Northern and Central Districts of Illinois; and the Eastern and Western Districts of Wisconsin.

I have remained a member in good standing and my license to practice law has never been suspended or revoked by the State of New Jersey or any court. There are no disciplinary proceedings pending against me in any jurisdiction and no discipline has previously been imposed on me in any jurisdiction.

From 2009 and continuing until 2013 when I was admitted to practice, I was employed as a law clerk at the Law Office of William F. Horn in Fresh Meadows, New York and, upon my admission to practice law I became counsel to the firm. In that regard, I worked on a variety of complex consumer class action cases including, but not limited to, all aspects of the following successful class actions in which William F. Horn was certified as class counsel: *Anderson v. Nationwide Credit, Inc.*, E.D.N.Y. Case No. 2:08-cv-01016; *Harrigan v. Receivables Performance Management, LLC*, N.D.N.Y. Case No. 8:09-cv-01351; *Gravina v. United Collection Bureau, Inc.*, E.D.N.Y. Case No. 2:09-cv-04816; *Gravina v. National Enterprise Systems, Inc.*, E.D.N.Y. Case No. 2:09-cv-02942; *Anderson v. Nationwide Credit, Inc.*, E.D.N.Y. Case No. 2:10-cv-03825; *Pawelczak v. Bureau of Collection Recovery, LLC*, N.D. Ill. Case No. 1:11-cv-01415; *Zirogiannis v. Professional Recovery Consultants, Inc.*, E.D.N.Y. Case No. 2:11-cv-00887; *Lagana v. Stephen Einstein & Associates, P.C.*, S.D.N.Y. Case No. 1:10-cv-04456; *Corpac v. Rubin & Rothman, LLC*, E.D.N.Y. Case No. 2:10-cv-04165; *Castellano v. Global Credit & Collection Corporation*, E.D.N.Y. Case No. 2:10-cv-05898; *Cedeno v. Bureau of Collection Recovery, Inc.*, C.D. Cal. Case No. 8:10-cv-01960; *Pawelczak v. Financial Recovery Services, Inc.*, N.D. Ill. Case No. 1:11-cv-02214; *Gravina v. Weltman, Weinberg & Reis, Co., LPA.*, E.D.N.Y. Case No. 2:11-cv-01161; *Krug v. Davis Davis Attorneys, P.C.*, D. NJ. Case No.

1:10-cv-04975; *Zirogiannis v. Mel S. Harris & Associates, LLC*, E.D.N.Y. Case No. 2:12-cv-00680; *Sebrow v. Fulton, Friedman & Gullace, LLP*, E.D.N.Y. Case No. 1:10-cv-05897; *Burton v. Nations Recovery Center, Inc.*, E.D.N.Y. Case No. 1:13-cv-01426; and *Steinmetz v. Shapiro, Dicaro & Barak, LLC*, E.D.N.Y. Case No. 2:12-cv-01646.

Since becoming licensed to practice law, I have been personally certified as class counsel in the following consumer class action lawsuits: *Pascal, et al. v. Steine & Associates, P.C., et al.*, U.S. District Court, E.D.N.Y. Case No. 2:12-cv-04436-JFB-WDW; *Fischer v. NCB Management Services, Inc.*, U.S. District Court, S.D.N.Y. Case No. 7:12-cv-09451-CS; *Freeman v. General Revenue Corporation*, U.S. District Court, E.D.N.Y. Case No. 1:12-cv-01406-RER; *Goldman v. Horizon Financial Management, LLC*, U.S. District Court, S.D.N.Y. Case No. 7:12-cv-07592-LMS; *Dabbas v. Alpha Recovery Corp.*, U.S. District Court, E.D.N.Y. Case No. 1:13-cv-05169-SMG; *Sabri v. E. Hope Greenberg d/b/a Law Office of E. Hope Greenberg*, U.S. District Court, E.D.N.Y. Case No. 1:13-cv-00699-FB-VMS; *Bryan v. National Enterprise Systems, Inc., et al.*, U.S. District Court, E.D.N.Y. Case No. 2:13-cv-03740-LDW-WDW; *Gillman Harris v. Midland Credit Management, Inc.*, U.S. District Court, S.D.N.Y. Case No. 1:13-cv-03125-TPG; *Graff v. United Collection Bureau, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:12-cv-02402-GRB; *Rice v. National Enterprise Systems, Inc., et al.*, U.S. District Court, E.D.N.Y. Case No. 2:13-cv-05118-LDW-ARL; *Mazzucco, et al. v. Certified Credit & Collection Bureau*, U.S. District Court, D.N.J. Case No. 3:13-cv-07422-TJB; *Kavalin v. AmeriFinancial Solutions, LLC*, U.S. District Court, S.D. Fla. Case No. 0:13-cv-62789-DPG; *Cohen v. M.L. Zager, P.C.*, U.S. District Court, D.N.J. Case No. 2:14-cv-03143-JBC; *Manuel, et al. v. Caliber Home Loans, Inc.*, U.S. District Court, D.N.J. Case No. 2:14-cv-05233-SRC-CLW; *Babcock, et al. v. C.Tech Collections, Inc., et al.*, U.S. District Court, E.D.N.Y. Case No. 1:14-cv-03124-MDG; *Mansour v. Seas & Associates, LLC*, U.S. District Court, D.N.J. Case No. 2:14-cv-02935-SCM; *Avila v. Law Office of Gary M. Feldman, Esq.*, U.S. District Court, E.D.N.Y. Case No. 2:13-cv-07407-GRB; *Dispennett v.*

*Frederick J. Hanna & Associates, P.C.*, U.S. District Court, W.D. Pa. Case No. 2:15-cv-00636-MPK; *Jones v. Delta Management Associates, Inc.*, U.S. District Court, E.D. Wis. Case No. 1:15-cv-00267-WCG; *Zavian v. Client Services, Inc.*, U.S. District Court, D.N.J. Case No. 2:15-cv-0682-SCM; *Kopchak v. United Resourse Systems, et al.*, U.S. District Court, E.D. Pa. Case No. 5:13-cv-05884-MSG; *Kavalin v. AFNI, Inc.*, U.S. District Court, S.D. Fla. Case No. 0:15-cv-60143-BB; *Maldonado, et al. v. Raymond Meisenbacher & Sons, Esqs., P.C., et al.*, U.S. District Court, N.J.D. Case No. 3:15-cv-01845-DEA; *Gamil v. Rubin & Rothman, LLC*, U.S. District Court, E.D.N.Y. Case No. 2:15-cv-00981-ARL; *Wood v. New Century Financial Services, Inc.*, N.J. Superior Court, Docket No. MRS-L-002679-15; *Prendergast v. Certified Credit & Collection Bureau*, U.S. District Court, D.N.J. Case No. 3:15-cv-07411-TJB; *Kielbasinski v. A.R. Resources, Inc.*, U.S. District Court, W.D. Pa. Case No. 3:15-cv-00066-KRG; *Rittle v. Premium Receivables, LLC*, U.S. District Court, M.D. Pa. Case No. 1:15-cv-00166-SHR; *Specht v. Eastern Account System of Connecticut, Inc.*, U.S. District Court, S.D.N.Y. Case No. 7:15-cv-02159-PED; *Gadime v. NRA Group, LLC*, U.S. District Court, E.D.N.Y. Case No. 2:15-cv-04841-SJF-AKT; *Hayes v. Convergent Healthcare Recoveries, Inc.*, U.S. District Court, C.D. Ill. Case No. 1:14-cv-01467-JES-JEH; *Maldonado, et al. v. Nelson, Watson & Associates, et al.*, U.S. District Court, D.N.J. Case No. 2:15-cv-05940-MAH; *Sandoval v. LVNV Funding LLC, et al.*, U.S. District Court, D.N.J. Case No. 2:15-cv-06728-KM-MAH; *Chung v. CCB Credit Services, Inc.*, U.S. District Court, D.N.J. Case No. 2:15-cv-05198-KM-MAH; *Wood v. Credit Control, LLC*, U.S. District Court, D. Kan. Case No. 6:16-cv-01098-KGG; *Feliciano, et al. v. Forster, Garbus & Garbus*, U.S. District Court, D.N.J. Case No. 2:15-cv-02496-CLW; *Maldonado, et al. v. Law Offices of Faloni & Associates, LLC*, U.S. District Court, D.N.J. Case No. 2:15-cv-02859-CLW; *Dickon v. Rubin & Rothman, LLC*, U.S. District Court, D.N.J. Case No. 2:15-cv-7961-SCM; *Williams v. Pressler and Pressler, LLP*, U.S. District Court, D.N.J. Case No. 2:11-cv-07296-KSH-CLW; *Bell v. Adler Wallach & Associates, Inc., et al.*, U.S.

District Court, W.D. Tex. Case No. 5:16-cv-00366-OLG; *Thomas v. ARS National Services, Inc.*, U.S. District Court, D.N.J. Case No. 2:15-cv-03635-JAD; *Ballaj v. Gatestone & Co. International, Inc.*, U.S. District Court, D.N.J. Case No. 2:16-cv-01311-CLW; *Safranski v. Professional Placement Services, LLC*, U.S. District Court, E.D. Wis. Case No. 1:17-cv-00129-WCG; *Smith v. Simm Associates, Inc.*, U.S. District Court, E.D. Wis. Case No. 1:17-cv-00769-WCG; *Heerema v. AFNI, Inc.*, D.N.J. Case No. 2:16-cv-00244-JBC; *Zirogiannis v. National Recovery Agency, Inc.*, U.S. District Court, E.D.N.Y. Case No. 2:14-cv-03954-DRH-AYS; *Heerema, et al. v. Collecto, Inc. et al.*, D.N.J. Case No. 2:16-cv-02087-MF; and *Steffek, et al. v. Client Services, Inc.* E.D. Wis. Case No. 1:18-cv-00160-WCG.

Since 2009, I have also been a member in good standing of the National Association of Consumer Advocates ("NACA"), a non-profit association of attorneys and consumer advocates committed to representing consumers' interests. I regularly attend conferences and symposiums conducted by NACA and the National Consumer Law Center covering a variety of Continuing Legal Education topics, including, but not limited to, the Fair Debt Collection Practices Act (FDCPA), the Truth In Lending Act, the Real Estate Settlement Procedures Act, and various other federal and state consumer protection statutes, professional responsibility, and, in particular, class action litigation involving consumer protection statutes. In that regard, I have also been a presenter for Continuing Legal Education programs on issues related to consumer debt collection.

4. **Philip D. Stern** received his bachelor's degree from the University of Pennsylvania and graduated the Benjamin N. Cardozo School of Law. He was admitted to practice before the State and Federal Courts in New Jersey on December 20, 1984. He is also admitted in the District of Columbia, the United States Courts of Appeals for the Second, Third, Seventh, and Ninth Circuits, and the United States District Courts for the Western District of New York and the Eastern District of Wisconsin.

From September 1984 through January 1995, he worked for two law firms focusing on business-oriented litigation, including employment, environmental, land use, non-consumer collections and matters involving the enforcement of contracts. At the latter of those two firms, Stern, Dubrow & Marcus, P.C., he worked closely with Morris Stern, the late Bankruptcy Judge in the District of New Jersey. Despite their common last names, Judge Stern and Mr. Stern have no familial relationship. Much of Mr. Stern's work involved pleadings, motions, trials, and appeals.

In February 1995, Mr. Stern went into solo practice and in January 2007, he became counsel to Wacks & Hartmann, LLC, Morristown, New Jersey. In January 2009, he returned to his solo practice until July 1, 2015, when Stern•Thomasson LLP was formed.

In 1994, Mr. Stern taught Appellate Advocacy as an adjunct professor at Seton Hall Law School and, since October 2011, he has taught two CLE classes each year offered through Legal Services of New Jersey relating to debt collection and the Fair Debt Collection Practices Act. He also presented at the 2012 and 2018 Advanced Fair Debt Collection Practices Conferences sponsored by the National Consumer Law Center.

During his career, Mr. Stern has tried numerous bench and jury trials and has handled several appeals before the New Jersey Appellate Division as well as before the Second, Third, Seventh and Ninth U.S. Circuit Courts of Appeals. Among other cases, he argued *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016), *Panico v. Portfolio Recovery Assocs., LLC*, 879 F.3d 56 (3d Cir. 2018), and *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362 (7th Cir. 2018).

Many of the non-consumer cases he handled involved complex litigation in both state and federal court involving sophisticated commercial real estate financing, large-scale construction disputes, title insurance claims, bankruptcy, and zoning.

Mr. Stern is experienced in cases involving complex litigation including claims arising

under the FDCPA and the pursuit of those claims in class action cases. He has been certified as class counsel in the following matters: *Anderson v. Rubin & Rothman, LLC*, Case 2:07-cv-03375 (E.D.N.Y., Hon. Sandra J. Feuerstein); *Anderson v. Nationwide Credit, Inc.*, Case 2:08-cv-01016 (E.D.N.Y., Hon. Leonard D. Wexler); *Gravina v. Client Services, Inc.*, Case 2:08-cv-03634, (E.D.N.Y., Hon. Leonard D. Wexler); *Seraji v. Capital Management Services, LP*, Case 1:09-cv-00767 (D.N.J., Hon. Douglas Arpert); *Krug v. Forster, Garbus & Garbus*, Case 2:08-cv-03504 (D.N.J., Hon Michael A. Shipp); *Williams v. Palisades Collection, LLC*, Docket BER-L-001604-11 (N.J.Super., Hon. Robert C. Wilson); *Krug v. Brachfeld*, Docket GLO-000419-11 (N.J.Super., Hon.Eugene J. McCaffrey, Jr.); *Nicholas v. CMRE Financial Services, Inc.*, Docket BER-L-4336-11 (N.J.Super., John J. Langan, Jr.); *Krug v. Focus Receivables Management, LLC*, Docket BER-L-4337-11 (N.J.Super., John J. Langan, Jr.); *Thomas Williams v. The CBE Group, Inc.*, Case 2:11-cv-03680-PS (D.N.J., Hon Patty Shwartz); *Natalie A. Williams v. Pressler and Pressler, LLP*, Case 2:11-cv-07296-KSH-CLW (D.N.J., Hon. Katharine S. Hayden); *Weissman v. Gutworth*, Case 2:14-cv-00666-WHW-CLW (D.N.J., Hon. William H. Walls); *Irizarry v. Member Solutions, Inc., et al.*, Case 2:14-cv-00628-MCA-MAH (D.N.J., Hon. Madeline C. Arleo); *Mansor v. Seas & Associates, LLC*, Case 2:14-cv-02935-SCM (D.N.J., Hon. Steven C. Mannion); *Jones v. Delta Management Associates, Inc.*, Case 1:15-cv-00267-WCG (E.D. Wis., Hon. William C. Griesbach); *Zavian v. Client Services, Inc.*, Case 2:15-cv-0682-SCM (D.N.J., Hon. Steven M. Mannion); *Maldonado, et al. v. Raymond Meisenbacher & Sons, Esqs., P.C., et al.*, Case 3:15-cv-01845-DEA (D.N.J., Hon. Douglas E. Arpert); *Wood v. New Century Financial Services, Inc.*, Docket MRS-L-002679-15 (N.J.Super., David H. Ironson); *Prendergast v. Certified Credit & Collection Bureau*, Case 3:15-cv-07411-TJB (D.N.J., Hon. Tonianne J. Bongiovanni); *Kielbasinski v. A.R. Resources, Inc.*, Case 3:15-cv-00066-KRG (W.D. Pa., Hon. Kim R. Gibson); *Rittle v. Premium Receivables, LLC*, Case 1:15-cv-00166-SHR (M.D. Pa., Hon. Sylvia H. Rambo); and *Specht v. Eastern Account System of Connecticut, Inc.*, Case 7:15-cv-

02159-PED (S.D.N.Y., Hon. Paul E. Davison); *Gadime v. NRA Group, LLC*, Case No. 2:15-cv-04841-SJF-AKT (E.D.N.Y., Hon. Sandra J. Feuerstein); *Maldonado, et al. v. Nelson, Watson & Associates, et al.*, Case 2:15-cv-05940-MAH (D.N.J., Hon. Michael A. Hammer); *Sandoval v. LVNV Funding LLC, et al.*, Case 2:15-cv-06728-KM-MAH (D.N.J., Hon. Kevin McNulty); *Chung v. CCB Credit Services, Inc.*, Case 2:15-cv-05198-KM-MAH (D.N.J., Hon. Kevin McNulty); *Wood v. Credit Control, LLC*, Case 6:16-cv-01098-KGG (D.Kan., Hon. Kenneth G. Gale); *Feliciano, et al. v. Forster, Garbus & Garbus*, Case 2:15-cv-02496-CLW (D.N.J., Hon. Cathy L. Waldor); *Maldonado, et al. v. Law Offices of Faloni & Associates, LLC*, Case 2:15-cv-02859-CLW (D.N.J., Hon. Cathy L. Waldor); *Dickon v. Rubin & Rothman, LLC*, Case 2:15-cv-7961-SCM (D.N.J., Hon. Steven M. Mannion); *Bell v. Adler Wallach & Associates, Inc., et al.*, Case 5:16-cv-00366-OLG (W.D. Tex., Hon. Orlando L. Garcia); *Thomas v. ARS National Services, Inc.*, Case 2:15-cv-03635-JAD (D.N.J., Hon. Joseph A. Dickson); *Gatestone & Co. International, Inc.*, Case 2:16-cv-01311-CLW (D.N.J., Hon. Cathy L. Waldor); *Safranski v. Professional Placement Services, LLC*, Case 1:17-cv-00129-WCG (E.D. Wis., Hon. William C. Griesbach); *Smith v. Simm Associates, Inc.*, Case 1:17-cv-00769-WCG (E.D. Wis., Hon. William C. Griesbach); *Heerema v. AFNI, Inc.*, Case 2:16-cv-00244-JBC (D.N.J., Hon. James B. Clark III); *Heerema, et al. v. Collecto, Inc. et al.*, Case 2:16-cv-02087-MF (D.N.J., Hon. Mark Falk); and *Steffek, et al. v. Client Services, Inc.* Case 1:18-cv-00160-WCG (E.D. Wis., Hon. William C. Griesbach).

Mr. Stern has never been the subject of an ethics complaint or sued on a malpractice claim. He has never been charged with violating Fed. R. Civ. P. 11 and, as Martindale-Hubbell has rated him, he has had a rating of AV or, after its introduction, AV Preeminent—its highest— with a peer rating of 5.0 out of 5.0.

Mr. Stern is a member of the New Jersey State Bar Association and the Essex County Bar Association, a member of the New Jersey State Bar's Consumer Protection Law Committee, and

a member of the National Association of Consumer Advocates.

\*    \*    \*

5. Stern•Thomasson LLP regularly litigates class action lawsuits throughout the United States where it has been retained to represent plaintiffs. Many of those cases have either been resolved on a class basis and are awaiting preliminary approval or have fully briefed contested motions for class certification and await a court's ruling. Our law firm has several favorable decisions from various United States District Courts and Appeals Courts.

6. Stern•Thomasson LLP has the financial and other resources to see this case through to its conclusion. Indeed, since the outset of this litigation, my law firm has devoted, and continues to devote, significant time, money, and other resources to pursuing the Plaintiffs' individual and class claims.

### *Facts Regarding Reaction to Settlement, Fees & Costs*

7. In the notice sent to Class Members they were advised they have the right to exclude themselves from, or object to, the Settlement provided they put their request in writing to the Settlement Administrator and the Court. To date, my office has not received any Class Member request for exclusion from, or objection to, the Settlement.

8. On November 22, 2017, the Defendant sent the required notice (which included a copy of the Settlement Agreement) to the New York Attorney General and United States Attorney General pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) ("CAFA"). [Doc. 46]. To date, neither of the Attorneys General have voiced any objection to the Settlement. In my professional opinion, I believe the lack of objections by the Attorneys General strongly evinces the quality and value of the Settlement particularly given that they are charged with the responsibility of protecting consumers within their states/nation and regulating debt collection companies.

9. Fed. R. Civ. P. 23(h) provides, in part, "the court may award reasonable

attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." I submit that such fees and costs are authorized by both law (*See*, 15 U.S.C. § 1682k(a)(3)) and the Parties' agreement, which provides as follows:

> Regarding Plaintiffs' Counsel's application for approval of attorney's fees and costs, the Parties stipulate the Litigation is a "successful action" within the meaning of 15 U.S.C. § 1692k(a)(3) notwithstanding that Credit Control does not admit to liability as set forth in ¶3. As such, Credit Control agrees Class Counsel shall be entitled to receive $96,000.00, which covers fees and expenses arising out of the Litigation including the administration costs referred to in ¶ 11(c). The award of fees, costs, and expenses to Class Counsel shall be in addition and shall not in any way reduce the settlement amounts to be provided to the Class Members. Upon payment of $96,000.00.00 to Class Counsel, Credit Control shall have no further obligation with respect to Class Counsels' fees, costs, and expenses, the fees, costs, or expenses of any other attorney on behalf of Plaintiffs or any Class Member, or the fees, costs and expenses associated with the administration of the Class.

[Doc. 45-2, ¶12]. The foregoing agreement concerning fees and costs was reached with the Court's assistance at the in-person settlement conference, but not until *after* the Parties had first resolved all other material terms of the Settlement. Additionally, aside from the Settlement, there is no other agreement or understanding between the Parties or their respective counsel.

10. The total number of hours spent on this litigation by Stern•Thomasson LLP through October 29, 2018, is 150.55. The total lodestar for attorney/paralegal time based on my firm's current rates is $71,925.25. The hourly rates shown below are the usual and customary rates charged for everyone in our cases. A breakdown of my firm's lodestar is as follows:

| NAME | | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Andrew T. Thomasson | A | 117.38 | $475.00 | $55,755.50 |
| Heather B. Jones | A | 6.40 | $200.00 | $0.00 |
| Philip D. Stern | A | 22.97 | $675.00 | $15,504.75 |
| Grace LaPera | P | 3.80 | $175.00 | $665.00 |
| TOTAL | | 150.55 | | $71,925.25 |

(A) Attorney (P) Paralegal

11. To date, my firm also incurred a total of $55,742.05 in unreimbursed expenses in connection with its prosecution of this litigation. Those expenses are broken down as follows:

| DISBURSEMENT | TOTAL |
|---|---|
| Court Fees | $450.00 |
| Class Administration Fees | $55,000.00 |
| Printing and Copying | $125.55 |
| Travel | $15.00 |
| Postage and Courier/Delivery | $151.50 |
| TOTAL | $55,742.05 |

12. The expenses incurred pertaining to this case are reflected in the books and records of Stern•Thomasson LLP. These books and records are prepared from expense vouchers, firm policies, and check records and are an accurate record of the expenses incurred.

13. The total amount of fees and expenses incurred by Stern•Thomasson LLP are appropriate and reasonable when considering Stern•Thomasson LLP has expended time: communicating with the Plaintiffs and opposing counsel (verbally and in writing); conducting an investigation of the Defendant, which included the Plaintiffs' factual and legal claims, Defendant's finances, and Defendant's prior and pending litigation including potential conflicting class claims; research and drafting Plaintiffs' opposition to Defendants' serial dispositive motions, Plaintiffs' Motion to Amend, attendance at motion and other hearings, conducting legal research regarding liability and class certification; appearing for an in-person settlement conference, developing, negotiating, and drafting all settlement documents, including the Class Settlement Agreement and all of its exhibits; researching and drafting Motions for Preliminary Approval of the Class Settlement Agreement and supporting documents; drafting the class notice, and communicating with the Settlement Administrator regarding service of the class notice and related issues.

14. Of course, there is still more work to come, such as, communicating with class members and fielding their inquiries, research and drafting the Motion for Final Approval of the Class Settlement Agreement and supporting documents; continued communications with the Settlement Administrator regarding status reports and the like preparation for and attendance at the fairness hearing and all the attendant work that will follow that hearing, including distribution to Class Members and their continued inquiries. All, as discussed *infra*, with no promise of or guarantee of ever being reimbursed for the time or money my firm has expended on behalf of Plaintiffs and the Settlement Class.

15. Most my firm's practice is contingent fee litigation on behalf of plaintiffs. We regularly represent plaintiffs in contingent fee cases in federal court in New Jersey and various other District Courts located throughout the United States of America. We frequently work with other plaintiff's lawyers who also handle cases on a contingent fee basis and, in that regard, I am generally familiar with the range of contingent fee percentages charged by plaintiff's lawyers.

16. In this case, Mr. Stern seeks an hourly rate of $675.00 and I seek an hourly rate of $475.00, which have been approved by other courts; these rates are fair, reasonable, and consistent with rates in the District of New Jersey based upon our knowledge and experience and considering the risks inherent in bringing and prosecuting cases such as this one. Our hourly rates were most recently approved by in the Eastern District of Wisconsin by Chief Judge Griesbach in *Safranski v. Professional Placement Services, LLC*, Case No. 1:17-cv-00129-WCG (E.D. Wis. Feb. 23, 2018) (Doc. 32).

17. At the August 20, 2015, final fairness hearing in *Manuel v. Caliber Home Loans, Inc.*, Case No. 2:14-cv-05233-SRC-CLW (D.N.J. Aug. 21, 2015), I had asked for approval of my then rate of $350. The Honorable Stanley R. Chesler, U.S.D.J. approved that rate but suggested my rate might more appropriately be $450-$500 (*See*, **Exhibit 1**. Mr. Stern's $600 rate was approved). Consequently, I raised my rate to $400 which was approved months later in *Mansour*

*v. Seas & Associates, LLC,* Case 2:14-cv-02935-SCM (D.N.J. Jan. 25, 2016) and by several other courts in this District and other districts around the country. Mine and Mr. Stern's approved hourly rates have since increased. By way of limited recent example, since 2016 mine and/or Mr. Stern's requested hourly rates (of $450/$650 and higher) have been approved in other cases, such as: *Ballaj v. Gatestone & Co. International, Inc.*, D.N.J. Case No. 2:16-cv-01311-CLW (Feb. 8, 2018) (approved at $475/$650); *Prendergast v. Certified Credit & Collection Bureau*, D.N.J. Case No. 3:15-cv-07411-TJB (Nov. 10, 2016); and *Williams v. Pressler and Pressler, LLP*, U.S. District Court, D.N.J. Case No. 2:11-cv-07296-KSH-CLW (August 22, 2017); *Wood v. New Century Financial Services, Inc.*, N.J. Superior Court, Docket No. MRS-L-002679-15 (Oct. 14, 2016) ($500 blended rate approved); *Hayes v. Convergent Healthcare Recoveries, Inc.*, U.S. District Court, C.D. Ill. Case No. 1:14-cv-01467-JEH (September 5, 2017); and *Bell v. Adler Wallach & Associates, Inc., et al.*, U.S. District Court, W.D. Tex. Case No. 5:16-cv-00366-OLG (October 10, 2017).

  18. The hourly rates set forth above for my firm are also the same as the regular current rates we charge for services in other contingent matters in class action litigation and are also consistent with fees charged to my firm's hourly paying clients. We annually adjust our firm's hourly rates to account for inflation and increasing experience and they are consistent with the rates charged by attorneys of comparable experience and expertise in the various District Courts where we have appeared for class action litigation.

  19. The hourly rates for my firm include many factors beyond personal compensation, including non-billed office personnel, equipment, insurance, research materials, office supplies, other overhead expenses, and forbearance of other cases. Consumer litigation inevitably involves suing large corporations, which have the capacity to bring enormous resources to bear that individual consumers are unable to meet on their own. In this case, Class Counsel have worked for ***over 2 years*** without compensation. If plaintiffs' attorneys are not compensated at rates that

allow them to maintain technological, intellectual, and professional resources to match corporate defendants' resources, consumers will be unable to find qualified counsel to represent them. Few attorneys have the means, ability, or desire to take these cases, and if those that do so are not compensated at a rate which allows them the chance of prevailing on behalf of consumers, these cases will never be brought; and the remedial purpose of this legislation will fail.

20. The average consumer does not have funds to litigate this type of case. Therefore, in further justification of our fees, I note that my firm takes all such cases on a contingency fee basis, advances all litigation costs, and does not charge the consumer anything up front. If the case is lost, we simply do not get paid.

21. Mr. and Mrs. Ramos have been intimately involved in all aspects of this lawsuit and stayed in constant communication with their attorneys. They have reviewed and approved key filings in the case and personally appeared for the Court's in-person settlement conference and approved this settlement based on the recommendation of the Court and their attorneys.

*In accordance with 28 U.S.C. §1746, I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 29th day of October 2018.*

*s/ Andrew T. Thomasson*
Andrew T. Thomasson
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500
Facsimile: (973) 532-5868
E-Mail: andrew@sternthomasson.com

*Class Counsel and Attorney for Plaintiffs,*
*Henry A. Ramos and Roxann Ramos*

EXHIBIT "1"

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                   CIVIL ACTION NO. 14-5233-SRC-CLW


LUTHER B. MANUEL, JR., on                    SETTLEMENT HEARING
behalf of themselves and the
class members described herein,

        Plaintiffs,

vs.

CALIBER HOME LOANS, INC.,

        Defendants.
_____
                          August 20, 2015
                          Newark, New Jersey


B E F O R E:    HONORABLE STANLEY R. CHESLER, USDJ



Pursuant to Section 753 Title 28 United States Code, the
following transcript is certified to be an accurate record
as taken stenographically in the above-entitled
proceedings.


S/Jacqueline Kashmer
JACQUELINE KASHMER
Official Court Reporter




              JACQUELINE KASHMER, C.S.R.
                OFFICIAL COURT REPORTER
                     P. O. Box 12
                  Pittstown, NJ 08867
                    (908) 200-1040
```

```
 1    A P P E A R A N C E S:

 2
          STERN THOMASSON, LLP
 3        2816 Morris Avenue - Suite 30
          Union, NJ 07083
 4        BY:  PHILIP D. STERN, ESQ.
               ANDREW T. THOMASSON, ESQ.
 5        For the Plaintiffs

 6

 7
          LOCKE LORD, LLP
 8        Three World Financial Center
          New York, NY 10381
 9        BY:  JOSEPH N. FROEHLICH, ESQ.
               WILLIAM D. FOLEY, JR., ESQ.
10
              and
11
          LOCKE LORD, LLP
12        2200 Ross Avenue - Suite 2200
          Dallas, TX 75201
13        BY:  ROBERT MOWREY, ESQ.

14            and

15        CHRISTOPHER BASS, ESQ.
          In-house Counsel
16        For the Defendant Caliber Home Loans, Inc.

17

18

19        CULLEN and DYKMAN
          100 Quentin Roosevelt Boulevard
20        Garden City, NY 11530

21            and

22        MATTHEW T. LOGUE, ESQ.
                and
23        BRIAN THOMPSON, ESQ.
          500 Grant Street - Suite 2900
24        Pittsburgh, PA 15219
          For the Objector Karolyn Denson
25
```

```
 1   backup.
 2          THE COURT:  Understood.  I'll hear from counsel for
 3   plaintiff.
 4          MR. THOMASSON:  Just briefly, your Honor.  Just
 5   recently as of month ago, a different court in this
 6   district did approve me at $350 an hour but, having said
 7   that, there was no objection over the fees.  Nowhere an
 8   objection did they raise and the court ordered in its
 9   preliminary approval order, they state all objections and
10   certainly they could have filed an opposition, it would
11   have been improper but they could have tried and they
12   didn't.  So, I would submit that all of the time and work,
13   and there's been substantial effort by me, the lowest
14   hourly rated lawyer who did the laboring oar of the work
15   here.  That's all, your Honor.
16          THE COURT:  The Court has seen fee applications upon
17   fee applications year after year after year.  Mr.
18   Thomasson's hourly rate is indeed one of the most
19   reasonable rates that the Court has seen assigned to the
20   laboring oar in a litigation of this sort in many a year.
21          I take a look at my employment discrimination cases
22   lately and it seems to be that 450 to $500 an hour seems to
23   be the typical rate that is being sought by plaintiffs'
24   attorneys in employment litigation cases and, quite
25   frankly, if this were an employment litigation case, Mr.
```

1    Thomasson would be about five years behind the going rate
2    for those types of things.
3         So, the Court does not have a problem with the rates.
4    Of course, counsel for plaintiff has sought essentially a
5    multiplier on the case but the lodestar is indeed a useful
6    cross check and it demonstrates, first of all, what this
7    Court indicated earlier, which is that counsel, in fact,
8    appear to have indeed engaged in a very careful and
9    intelligent effort to have this case resolved without it
10   becoming a situation in which attorneys' fees ended up
11   being the tail that wagged the dog.
12        In light of that lodestar figure, the Court concludes
13   that, indeed, the application for attorneys' fees in the
14   amount of $288,000 is an extremely reasonable one given
15   what the Court views as an extremely successful result for
16   the class and approves that, along with the request for
17   expenses in the amount of $11,329.91, an incentive award
18   for the plaintiff for $10,000, and then there is the
19   administration costs, and what were they?
20        MR. THOMASSON: $46,000, your Honor, is what's
21   anticipated through the end of the case.
22        THE COURT: The Court approves that. In short, the
23   Court is satisfied that this case was litigated and
24   resolved in an expeditious, efficient and intelligent
25   manner and the Court, quite frankly, wishes to tell the

1   attorneys involved in the case that, indeed, the Court
2   thinks they did an extremely fine job.
3       And thank you very much.  I'll sign the appropriate
4   papers.  Counsel, thank you very much.
5       MR. LOGUE:  Thank you, your Honor.
6       (Whereupon the proceedings are adjourned.)